**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE LEE REGANS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-00776 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Eddie Lee Regans's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1). The Government filed a response (Doc. No. 8) and Movant replied (Doc. No. 9). For the following reasons, Movant's motion is denied.[1]

**I.   Background**

On January 30, 2017, Movant pled guilty to seven counts of a nine-count indictment charging Fraudulent Use of Unauthorized Access Devices in violation of 18 U.S.C. § 1029 (a)(2), 18 U.S.C. § 1029 (b)(1), and 18 U.S.C. § 1029 (c)(1)(A)(i) (Counts 1, 2); Mail Fraud in violation of 18 U.S.C. § 1341 (Count 3); and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts 4, 7, 8, 9).

At his plea hearing, Movant acknowledged, under oath, that:

Between on or about August 15, 2015 and November 8, 2016, using various names, [Movant] advertised himself as a contractor through the distribution of flyers at home improvement stores and other retail establishments, a Yellow Pages entry,

---

[1] Because Movant's motion can be conclusively determined based on the motion, files and records of the case, an evidentiary hearing need not be held. See Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

and establishing a webpage. [Movant] claimed to provide home repair and general contractor services through the following companies: All Rehab & Repair; Reasonable Quality Work; Repair and Rehab; All Rehab Repairs; Affordable Home Improvement; and, Affordable Quality Works. He also sought membership with the Better Business Bureau in order to authenticate his businesses. [Movant] obtained prospective customers' identifying information by falsely representing that his company would finance their home repairs or that he had employment opportunities available for them. Believing the misrepresentations, R.L.W., M.A.C., D.T.H., D.L., P.M., D.M., V.M.R., J.M., O.P., and others provided [Regans] with their names, dates of birth, and social security numbers. As [Movant] could not provide financing and he was not providing legitimate employment, he used the identifying information to open, and attempt to open, credit accounts and bank accounts. [Movant] utilized the fraudulently opened accounts to purchase items for his benefit. Furthermore, to prolong the life of the credit accounts he was using, [Movant] submitted counterfeit and fraudulent checks to the credit issuers. By the time the credit issuers realized that the checks could not be honored, [Movant] had charged additional items to the credit accounts.

In particular, in November 2015, R.L.W. learned that [Movant] had charged approximately $13,000.00 in merchandise to a Lowes credit card issued using her identifying information. Unbeknownst to R.L.W., on September 28, 2015, [Movant] also opened a credit account with Menards with her identifying information. In total, [Movant] obtained, and attempted to obtain, more than $31,000.00 using credit accounts fraudulently opened with R.L.W.'s identifying information between September 28, 2015 and November 29, 2015. In addition to defrauding R.L.W., between December 1, 2015 and February 16, 2016, [Movant] used the identifying information to open and use credit accounts in the name of M.A.C. to obtain, and attempt to obtain more than $17,000.00 in merchandise and services. To further his fraudulent conduct, [Movant] also opened a Capitol One account on February 28, 2016 in the [identity of ] D.H. He also opened accounts in the identity of D.L. with American Express on May 24, 2016 and Capitol One on May 26, 2016. All of the credit accounts and bank accounts fraudulently opened by [Movant] took place within the Eastern District of Missouri, and each of his identity theft victims was a resident of this district when he fraudulently obtained their information.

As of the date of this pleading, the parties estimate that the intended loss to the credit issuers and the individual victims who have been identified at this time exceeds $95,000.00.

(Plea Agreement, Case No. 4:16-CR-00124, Doc. No. 33 at 4-5; Plea Transcript, Doc. No. 58 at 16-22).

The transcript of the plea hearing reflects that the Court closely examined Movant regarding the voluntariness of his plea, and found the plea was made "intelligently and voluntarily," with a full understanding of the charges and the consequences of the plea. (Plea Transcript at 6-8, 22). Movant stated that no one had threatened him or pressured him into pleading guilty (id. at 8), and that he was fully satisfied with his attorney's representation (id. at 6).

On May 24, 2017, the Court sentenced Movant to an aggregate term of imprisonment of 81 months, to run consecutive to the revocation sentence he was currently serving in Case No. 4:09-CR-000625 ERW (E.D. Mo.), followed by a three-year term of supervised release. No appeal was filed.

On May 21, 2018, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence raising claims of ineffective assistance of counsel and prosecutorial misconduct. Specifically, Movant alleges his counsel was ineffective for: (1) failing to request an evaluation of his mental competence; (2) failing to challenge the prior convictions used to determine his criminal history; and (3) failing to raise the issue of sentencing enhancements in his plea deal. (Doc. No. 1 at 4, 12-13). Movant further alleges the prosecuting attorney engaged in misconduct by meeting with him in an attempt to convince him to enter a plea of guilty. (Id. at 5, 13-14).

**II.     Standard of review**

3

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on grounds that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (quoting United States v. Boone, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994) (citation omitted). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001) (citing Bousley v. United States, 523 U.S. 614, 621 (1998)).

Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006); United States v. Cordy, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. United States v. Cronic, 466 U.S. 648, 658 (1984); United States v. White, 341 F.3d 673, 678 (8th Cir. 2003).

**III.  Discussion**

**A.  Ineffective assistance of counsel**

Establishing ineffective assistance of counsel is a "heavy burden." See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). In the context of a guilty plea, Movant must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) that he was prejudiced by counsel's deficient performance – that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal quotations omitted)); see also Strickland v. Washington, 466 U.S. 668, 687 (1984). "In determining whether counsel's conduct was objectively reasonable, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997) (citing Strickland, 466 U.S. at 689) (internal quotations omitted). Both prongs of the test must be satisfied for the claim to succeed; if a movant fails to make a sufficient showing under one prong, the court need not consider the other. See Strickland, 466 U.S. at 697.

### 1. Failure to seek a mental evaluation

Movant first alleges his counsel was ineffective for failing to request "an incompetence evaluation for my mental health, compulsive disorder, pathological gambling addiction, or mental capacity" before he pled guilty. (Doc. No. 1 at 4, 12). Movant asserts that he has several types of disabilities, including a learning disability, and that his counsel never explained anything to him or helped him to read or comprehend the Presentence Investigation Report ("PSR"). (Id. at 13).

A motion to determine the competency of a defendant should be granted "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature

and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Competency is therefore not determined by the presence or appearance of a mental illness alone, but also by whether an individual had the "present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960) (per curiam). If Movant was unable to reasonably consult with his attorney or understand the proceedings against him, then counsel's failure to seek a competency hearing can satisfy the Strickland test. United States v. Luke, 686 F.3d 600, 606 (8th Cir. 2012) (citing Drope v. Missouri, 420 U.S. 162 (1975)). As the Eighth Circuit has explained, however, "not every manifestation of mental illness demonstrates incompetency to stand trial." Id. (quoting United States v. Turner, 644 F.3d 713, 725 (8th Cir. 2011)).

Attached to the Government's response to the Court's order to show cause is an affidavit signed by Movant's counsel, Andrew Sottile. In the affidavit, Mr. Sottile states that he met with Movant numerous times regarding this case and notes that Movant never told him he had any kind of disability. (Amended Affidavit of Attorney Andrew Sottile ("Sottile Aff."), Doc. No. 8-1). Indeed, it was Movant's sworn testimony that he has never been told he has a mental disease or disorder and that his mind was clear. (Plea Tr. at 5-6). With respect to Movant's stated difficulty reading, Mr. Sottile indicated that he would read and explain written material to Movant so that he completely understood it. (Id.). Movant himself testified that he was able to understand the information and advice given to him by his counsel. (Plea Transcript at 4). Moreover, as detailed above, this Court also had the opportunity to observe and question Movant during the plea hearing, and determined he was competent and capable of entering an informed plea. (Plea Transcript at 22).

With regard to Movant's claimed gambling addiction, Mr. Sottile stated that he researched the issue and concluded that a separate motion would not have been persuasive. According to counsel, the only instance where a gambling addiction was cited for a downward departure was a case unlike Movant's, involving a defendant with no criminal history who had been charged with embezzlement. (See Sottile Aff.). Mr. Sottile did, however, argue at sentencing that Movant's gambling addiction should be considered by the Court in granting a downward departure. (Sentencing Transcript at 7-8). A strategic choice such as this, made after thorough investigation of law and facts relevant to plausible options, is "virtually unchallengeable" as ineffective assistance of counsel. Slocum v. Kelley, 854 F.3d 524, 534 (8th Cir. 2017); Strickland, 466 U.S. at 609 ("Where counsel has investigated possible strategies, courts should rarely second-guess counsel's actual choices.").

Movant does not meet the Strickland standard for this claim. The record reflects that Movant was fully able to understand the proceedings, and he has alleged no facts which would have indicated to his attorney that his competency was at issue.[2] Thus, there was no "reasonable cause to believe" Movant was "suffering from a mental disease or defect rendering him mentally incompetent" for which this Court would have ordered a competency hearing if one was requested. See 18 U.S.C. § 4241(a). Counsel's failure to file a motion that would have little chance of success does not constitute ineffective assistance of counsel. See Hale v. Lockhart, 903 F.2d 545, 549 (8th Cir. 1990); Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (counsel is not ineffective for failing to make a meritless argument). For these reasons, Movant's first claim for relief is denied.

---

[2] The Government notes that a psychiatric evaluation of Movant was completed at the Metropolitan St. Louis Psychiatric Center in November 2000; however, no treatment or medication was recommended. (Final Presentence Investigation Report ("PSR"), No. 4:16-CR-00124, Doc. No. 45 at 31).

### 2. Failure to challenge prior convictions used to determine criminal history

Next, Movant argues his counsel was ineffective for failing to challenge his criminal history calculation. (Doc. No. 1 at 4, 12). In particular, Movant challenges the four convictions imposed in Case Nos. 03CR-2236; 06CR-3840; 04CR-3464; and 06CR-0340-01. He argues that the sentences for these convictions were all imposed on the same day, and thus should have been treated as a single prior sentence, resulting in only two criminal history points rather than eight. Movant raised this objection in his *pro se* sentencing letter filed with the Court on April 20, 2017, and provided a document from the Missouri Department of Corrections establishing that three of the four challenged convictions were imposed on the same day, May 18, 2007. (Case No. 4:16-CR-00124, Doc. No. 43). He withdrew his objection after his counsel met with him and indicated that even if the Court sustained an objection on this ground, his criminal history category would remain unchanged at VI. (Sotille Aff.; Case No. 4:16-CR-00124, Doc. No. 44).

Movant does not meet the Strickland standard for this claim. He has not shown his counsel's "performance was deficient" such that "it fell outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. But in any event, Movant has not shown prejudice. He has offered no evidence that his criminal history category would have been impacted had his counsel objected to his criminal history points.

Movant has an extensive criminal history; nineteen of his convictions were not included in the criminal history calculation due to their age. (PSR at 11-22). As set forth in the PSR, his criminal history sub-score of fifteen points included the following convictions:

- **Case Number 95CR006966** – Felony Leaving the Scene of an Accident and Misdemeanor Driving while Revoked (Offense Date - December 23, 1995; conviction and sentence imposed on August 26, 1996) resulted in three criminal history points;

8

- **Case Number 03CR2236** – Felony Forgery (Offense Date – November 1, 2002; conviction and sentence imposed on July 31, 2006) resulted in two criminal history points;

- **Case Number 2106R-03840-01** – Felony Passing a Bad Check (Offense Date – July 23, 2005; conviction and sentence imposed on May 18, 2007) resulted in two criminal history points;

- **Case Number 06-3464** – Felony Stealing and Attempted Stealing (Offense Dates – May 31, 2005 and June 10, 2005; conviction and sentence imposed on May 18, 2007) resulted in two criminal history points;

- **Case Number 06-CR003840** – Felony Passing a Bad Check (Offense Date – July 23, 2005; conviction and sentence imposed on May 18, 2007) resulted in two criminal history points;[3]

- **Case Number 09SL-CR06659** – Attempted Forgery (Offense Date April 11, 2009; conviction and sentence imposed on June 10, 2010) resulted in one criminal history point;

- **Case Number 4:09-CR-00625 ERW** – Felony Bank Fraud and Felony Aggravated Identity Theft (Offense Dates – February 6, 2006 through April 11, 2009; conviction and sentence imposed on May 19, 2010) resulted in three criminal history points.

(PSR at 23-28). Because the instant offenses were committed while Movant was under a criminal justice sentence, two criminal history points were added pursuant to Section 4A1.1(d), for a total criminal history score of 17, which establishes a criminal history category of VI pursuant to U.S.S.G. Chapter 5, Part A. (PSR at 29).

When calculating a defendant's criminal history, sentences imposed in related cases are treated as one sentence, while those imposed in unrelated cases are counted separately. U.S.S.G. § 4A1.2(a)(2). Cases are considered related if "they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial

---

[3] The Government acknowledges that because the offense conduct in Case No. 06-CR003840 is the same as that in Case No. 2106R-03840-01, it is possible that the activity in both cases were part of a common scheme and plan. (Doc. No. 8 at 9 n.5).

9

or sentencing." U.S.S.G. § 4A1.2, comment. (n.3). The cases challenged by Movant do not meet these conditions. They did not occur on the same occasion, nor were they consolidated for trial and sentencing. See United States v. Paden, 330 F.3d 1066, 1067-68 (8th Cir. 2003). With the possible exception of Case Number 06-CR003840, noted above, the offenses, while similar, were not part of a single common scheme or plan, as that term is used in § 4A1.2. The activity must "involve[] something more than simply a repeated pattern of conduct." United States v. Maza, 93 F.3d 1390, 1400 (8th Cir. 1996) (internal quotations omitted); see also United States v. Davidson, 437 F.3d 737, 741 (8th Cir. 2006); United States v. Hamell, 3 F.3d 1187, 1191 (8th Cir. 1993).

Further, as Movant's counsel indicated to him, regardless of any issue with the criminal history calculation, his criminal history category would not have changed. Even if only two criminal history points were attributable to the two convictions in Case No. 06-CR003840 and Case No. 2106R-03840-01, Movant's sub-score would have been 13. With two points added pursuant to Section 4A1.1(d), the resulting score of 15 still established a criminal history category of VI. Counsel's failure to advance a meritless argument cannot constitute ineffective assistance, see Rodriguez, 17 F.3d at 226. Movant's second claim for relief is denied.

### 3. Failure to raise issue of sentencing enhancements

Lastly, Movant argues his counsel was ineffective for failing to raise the issue of sentencing enhancements in the plea agreement. (Doc. No. 1 at 13). The Government responds that aside from Movant's failure to specify what enhancements he disagreed with, there was a factual basis for the enhancements imposed and that Movant's counsel chose to stipulate to the sentencing enhancements to obtain a three-level reduction for acceptance of responsibility pursuant to Section 3E1.1(b) – a strategic choice that is "virtually unchallengeable," see Slocum, 854 F.3d at 534, and which resulted in an advisory sentencing guideline range of 46 to 57

months instead of 63 to 78 months. Relying on Alleyne v. United States, 133 S. Ct. 2151 (2013), Movant replies that he was "never indicted for the § 2B1.1 or § 3B1.1 enhancements that were specifically used to increase his sentence in violation of his 5th and 6th Amendment rights." (Doc. No. 9 at 2).

Movant's claim fails. First, Movant stipulated to these enhancements, including the amount of loss and number of victims, in the plea agreement. A criminal defendant is bound by the promises made in the plea agreement. United States v. His Law, 85 F.3d 379, 379 (8th Cir.1996). Because of Movant's stipulation to these enhancements, objecting to them would have been a breach of the plea agreement. Id.; see also Schlichting v. United States, 355 Fed. App'x. 84, 84-85 (8th Cir. 2009) (unpublished). Accordingly, Movant cannot show that his counsel was unreasonable for abiding by the binding plea agreement. The record conclusively shows that Movant agreed to these enhancements and his counsel was not constitutionally deficient. Ritchie v. United States, No. 4:11CV02138 ERW, 2012 WL 946841, at *4 (E.D. Mo. Mar. 20, 2012).

Furthermore, Movant's reliance on Alleyne is misplaced. Alleyne applies to factual determinations affecting a statutory maximum or statutory minimum sentence – not to factual determinations that only affect a defendant's sentencing guideline range. Application of a guideline provision – such as the § 2B1.1(b)(2) victim enhancement or the § 3B1.1 enhancement for an aggravating role – to obtain a sentence within statutory maximums and minimums is an exercise of judicial discretion unaffected by Alleyne. See, e.g., United States v. Fields, 251 F.3d 1041, 1043-44 (D.C. Cir. 2001). Here, the statutory maximum and minimum sentences for Movant's offenses were not increased by the Court's imposition of the § 2B1.1 or § 3B1.1 enhancements, nor were they increased based on any other judicial fact-finding. Because Alleyne is not implicated in this case, Movant's counsel cannot be ineffective for failing to present a

meritless claim. Rodriguez, 17 F.3d at 226. Movant's third claim for relief is denied.

### B. Prosecutorial Misconduct

In this claim, Movant asserts that "the prosecuting attorney obtained an interview with me without my permission and proceeded to attempt to convince me into taking the plea." (Doc. No. 1 at 13). He also claims the prosecutor threatened to run his sentences consecutively if he refused to sign the plea agreement. (Id. at 5). The Government responds that Movant has no evidence of misconduct or substantial prejudice, and points to his pro se request for a variance wherein he acknowledges that he met with the Government in order to cooperate. (Case No. 4:16CR00124, Doc. No. 37 at 5).

The Court first notes that this claim has been procedurally defaulted because it was not raised on direct appeal, and Movant has not offered any allegations that would support findings of cause for the default and actual prejudice. See e.g., United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001); United States v. Sileven, 112 F.3d 940, 941 (8th Cir. 1997). However, even if Movant's claims were not procedurally barred, his argument would still fail on the merits.

"As a general rule, prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render [a] petitioner's conviction a denial of due process." Stringer v. Hedgepeth, 280 F.3d 826, 829 (8th Cir. 2002) (internal quotations and citations omitted). To establish he is entitled to relief, Movant "must show that there is a reasonable probability that the error complained of affected the outcome of the trial – i.e., that absent the alleged impropriety the verdict probably would have been different." Id. (internal quotations and citations omitted).

Here, the record reflects that Movant's counsel was actually present when Movant met with the prosecuting attorney. Mr. Sottile states in his affidavit that at no time was Movant

pressured into entering a plea of guilty. Mr. Sottile further states that he apprised Movant of all options regarding the case and possible outcomes and that it was Movant's decision alone to enter a plea. (Sottile Aff.). Moreover, it was Movant's sworn testimony that no one had threatened him or pressured him into pleading guilty. (Plea Transcript at 8). Because Movant has failed to provide a specific factual foundation to support his allegations of prosecutorial misconduct, this claim for relief will also be denied.

### IV.   Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Movant Eddie Lee Regans's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment of dismissal accompanies this memorandum and order.

Dated this 23rd day of October, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

13